UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

**NOT FOR PUBLICATION**

      -against-                **MEMORANDUM & ORDER**

10-CV-5289 (KAM)

DAVID A. LINN a/k/a DAVID LINN,

                Defendant.

----------------------------------------X

**MATSUMOTO, United States District Judge:**

Plaintiff United States of America ("plaintiff") commenced this action seeking payment for the indebtedness of defendant David A. Linn ("Linn" or "defendant"). (See ECF No. 1, Complaint, dated 11/15/2010 ("Compl.").) Presently before the court is plaintiff's unopposed motion for default judgment against defendant Linn. (ECF No. 7, Amended Motion for Default and Final Judgment, dated 04/18/2011 ("Amend. Mtn. for Default") at 1.) For the reasons set forth below, plaintiff's motion for default judgment is granted. The court, however, will conduct an inquest to determine the appropriate amount of damages, if any, that should be awarded to plaintiff.

## BACKGROUND

On November 16, 2010, plaintiff filed the instant Complaint against defendant. (See generally Compl.) Service of process was effected on November 23, 2010, at defendant's residence by leaving a copy with an adult co-tenant. (ECF No. 3, Affidavit of Service, dated Nov. 24, 2010.) Copies were also mailed to defendant's residence on November 24, 2010. (Id.) The Complaint alleges that on or about March 28, 2001, defendant executed a promissory note "to secure a Direct Consolidation loan from the U.S. Department of Education." (Compl., Ex. A.) The Complaint further alleges that the loan was disbursed in the amount of $90,007.38 on April 20, 2001, at an interest rate of 8.25 percent per annum. (Id.) Plaintiff argues that "demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay." (Id. at ¶ 4.)

On January 13, 2011, plaintiff filed a motion for default judgment, asserting that defendant "has not answered [the Complaint], although duly summoned in the manner and for the length of time prescribed by law." (ECF No. 4, Motion for Default and Final Judgment, dated 01/11/2011 ("Mtn. for Default") at 1.) On January 14, 2011, the Clerk of the Court noted the entry of default pursuant to Fed. R. Civ. P. 55(a). (ECF No. 5, Entry of Default, dated 01/13/2011 ("Entry of

Default") at 1.)  Subsequent to the entry of default, this court ordered plaintiff to move, by April 14, 2011, for default judgment and submit with its motion copies of the documents referenced in the Certificate of Indebtedness ("COI"), including the promissory note, disbursement history, demand for payment, and notice and date of default.  (Order dated 04/04/2011.) Plaintiff requested, and the court granted, an adjournment of the date by which plaintiff was to file for default judgment, and on April 18, 2011, plaintiff filed an Amended Motion for Entry of Default along with what plaintiff asserted were the documents requested by the court. (See generally Amend. Mtn. for Default.)  Following the submission of the amended motion, and upon review of the attached materials, the court again requested additional documentation; specifically, the court requested that plaintiff provide a document containing both the borrower's signature and evidence of the amount of the loan applied for, received, or for which the borrower promised to repay.  (See ECF No. 8, Letter from Michael Sucher, counsel to plaintiff, dated 06/21/2011 ("06/21/11 Letter") at 1.)  Plaintiff was unable to locate a document in satisfaction of the court's request, and instead filed a declaration by Chad Keller, Supervisory Program and Management Analyst for the U.S. Department of Education, dated June 17, 2011 ("Keller Decl.").  (Id.)

**DISCUSSION**

**A. Standard for Default Judgment**

The Federal Rules of Civil Procedure have prescribed procedural steps for entering a default judgment. See Fed. R. Civ. P. 55. The procedure "following a defendant's failure to plead or defend as required by the Rules begin[s] with the entry of default by the clerk." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). Fed. R. Civ. P. Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made . . ., and if no hearing is needed to ascertain damages, judgment by default may be entered by the court." Meehan, 652 F.2d at 276.

Although "a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Gragg v. Int'l Mgmt. Grp. (UK), Inc., 03-CV-904, 2009 WL 1140490, at *2 (N.D.N.Y. Apr. 24, 2009) (same). Damages that are not "susceptible [to] mathematical computation . . . usually must be established by a plaintiff in

an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound, 973 F.2d at 158. "In determining the award of damages in a default judgment," courts will once again look to Fed. R. Civ. P. Rule 55. Gragg, 2009 WL 1140490, at *2. Rule 55 states that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate a judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit has held that allegations in a complaint and the affidavit of plaintiff's counsel, "asserting an amount of damages sustained by plaintiff . . . [were] insufficient evidence upon which to enter the amount of the judgment." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-55 (2d Cir. 1999). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Gragg, 2009 WL 1140490, at *2 (citing Credit Lyonnais Sec. (USA), 183 F.3d at 154-55).

**B. Application**

As a threshold matter, defendant has not attempted to defend himself in the present action. Based on the evidence in the docket, the court finds that defendant has had sufficient notice of the present litigation. On November 23, 2010, a true copy of the summons and complaint was left with a person of suitable age and discretion at the residence of defendant. (ECF No. 3, Affidavit of Service, dated Nov. 24, 2010.) A copy of the summons and complaint was also mailed to defendant on November 24, 2010. (Id.) On January 12, 2011, plaintiff served the motion for Default Judgment and supporting papers, by post, at the residence of defendant. (See ECF No. 4-5, Certificate of Service, dated Jan. 12, 2011.) The court therefore finds that defendant has willfully and deliberately failed to plead or defend its interest in this action. Further, defendant has not moved to set aside the entry of default. Accordingly, a default judgment will be entered against defendant Linn.

The court finds, however, that plaintiff has provided insufficient evidence upon which to base an award of damages. Plaintiff has failed to provide the court with a document containing both the borrower's signature and the amount of the loan applied for and disbursed. (See 06/21/11 Letter.) Instead, the Keller Declaration merely provides the court with a blank template of an internet loan application of the type typically filled out by borrowers, but it bears no relation to

the loan at issue here. (See id.) The court twice asked plaintiff to provide more specific documentation and plaintiff has failed to do so. The court, therefore, has no evidence before it that defendant applied for, and received proceeds of, or signed a promissory note promising to repay the loan for the amount alleged by plaintiff. Plaintiff has failed to provide sufficient evidence from which the court can determine damages. Thus, the court will hold an inquest to determine the appropriate amount of damages. See Gragg v. Int'l Mgmt. Grp. (UK), Inc., 03-CV-904, 2008 WL 2705366, at *2 (N.D.N.Y. July 1, 2008).

## CONCLUSION

For the forgoing reasons, the court hereby grants plaintiff's motion for default judgment against defendant. A damages inquest will be held on July 21, 2011 at 2:00 p.m. Plaintiff is directed to serve a copy of this Memorandum and Order on defendant and file a declaration of service by July 15, 2011.

**SO ORDERED.**

Dated:    July 14, 2011
            Brooklyn, New York

                                        _____/s/_____
                                        Hon. Kiyo A. Matsumoto
                                        United States District Judge
                                        Eastern District of New York